DATE _October 2, 2023_
CLERK OF DISTRICT COURT
By:_____

Andrew J. Miller
ODEGAARD MILLER LAW, P.C.
550 North 31st Street, Suite 200
Billings, MT  59101
Tel:    (406) 222-2222
Fax:    (406) 259-3232
EM:    amiller@mtlawyers.com

*Attorneys for Plaintiff*

## MONTANA SIXTEENTH JUDICIAL DISTRICT COURT
## ROSEBUD COUNTY

| | |
|---|---|
| WENDY KRENIK-HUNTER, ) | Cause No.  DV 23 - 44 |
| ) | |
| Plaintiff, ) | District Judge: Hon. Nickolas C. Murnion |
| ) | District Judge |
| vs. ) | |
| ) | |
| TALEN ENERGY MARKETING, LLC, a ) | **COMPLAINT AND DEMAND FOR** |
| foreign limited liability company; KELLI ) | **JURY TRIAL** |
| BRAINARD, an individual; and JOHN ) | |
| DOES A-Z, inclusive, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Wendy Krenik-Hunter, by and through her attorneys of record, hereby

states, alleges and avers as follows:

### JURISDICTION AND VENUE

1.    At all times relevant herein, Wendy Krenik-Hunter ("Wendy" or "Plaintiff")

was a resident of Colstrip, Rosebud County, Montana.

2.    At all times relevant herein, Defendant Talen Energy Marketing, LLC

("Talen Energy"), is a for-profit foreign limited liability corporation incorporated in the

State of Pennsylvania, registered with the Montana Secretary of State and authorized to

do business in Colstrip, Montana.

     3.     The Colstrip Steam Electric Station ("CSES"), also known as the Colstrip Power Plant, is a coal-fired power plant located near Colstrip, Rosebud County, Montana.

     4.     The Colstrip Power Station is operated by Defendant Talen Energy.

     5.     Upon information and belief at all relevant times, Defendant Kelli Brainard ("Brainard") is a resident of Colstrip, Rosebud County, Montana, and was employed by Talen Energy as a plant facility manager of the Colstrip Power Plant.

     6.     The true names and capacities of Defendants named herein as John Does A-Z, inclusive, are unknown to Plaintiff, who therefore brings these claims against these Defendants by fictitious names.  Plaintiff may seek to amend this Complaint to state the true names and capacities of John Does A-Z when the same have been determined, together for further appropriate charging allegations.

     7.     Plaintiff is informed and believes and therefore alleges that each of the fictitiously named Defendants may be responsible in some manner for the occurrences and harms alleged herein and that his damages as alleged herein may have been proximately caused by the Defendants' acts or omissions, whether independently or while acting in concert with the Defendants.

     8.     Defendants John Does A-Z, inclusive, are natural persons, supervisors, agents, contractors, or other legal entities who may have caused or contributed to Plaintiff's injuries as alleged herein while acting in the course and scope of their employment and/or agency with the Defendants or acting independently.  As such, each lawful act or omission and each violation is imputable to Rosebud County.

     9.     The incident occurred in Colstrip, Rosebud County, Montana.

     10.     Jurisdiction over these Defendants is proper because Defendants do

business in the State of Montana and each Defendant engaged in conduct that resulted in the accrual of a tort action in Montana.

11.     Venue in this court is proper because one or more Defendants engaged in tortious conduct that resulted in the accrual of a tort action in Rosebud County, Montana.

## GENERAL ALLEGATIONS

12.     On October 9, 2020, Wendy was employed as a laborer by NAES Power Contractors ("NAES"), which provides construction, maintenance, repair and modification services to power generation and industrial facilities.

13.     NAES had dispatched Wendy to the Colstrip Power Plant to jackhammer concrete in Unit 4 at the facility.

14.     While at the power plant facility to perform her designated job assignment, Wendy was walking from Unit 4 through Unit 3 to an area where the break trailers were located when she slipped on a puddle that had accumulated from an oil leak or spill on the facility's floor, which was indistinguishable from the numerous water spills or puddles on the plant facility's floor that she would normally encounter during any given work shift.

15.     Wendy landed hard on her right shoulder, right upper arm, and right hip.

16.     Brainard and several other Talen Energy owners, personnel, employees, representatives, or other individuals were in the plant facility area when Wendy fell after slipping on the puddle created by the oil leak or spill on the facility's floor.

17.     An unknown male Talen Energy employee or representative assisted Wendy after her fall and injury.

18.     Upon information and belief, there was no signage advising NAES laborers, including Wendy, that the floor was slippery and unsafe, nor did Talen Energy personnel undertake any effort to remedy the slippery and unsafe condition.

19.     As a result of the fall, Wendy presented to the Colstrip Medical Center for initial evaluation and treatment, where it was determined she had sustained an acute nondisplaced fracture of greater tuberosity of the right humerus, along with injuries to her right hip.  Wendy was referred for diagnostic imaging and was provided with an orthopedic referral.  Wendy has undergone two shoulder surgeries, including a total right shoulder replacement, and is scheduled to undergo a hip replacement surgery.

20.     As a result of Wendy's fall at the Colstrip Power Plant in Colstrip, Montana, she has suffered, and will continue to suffer, severe pain and disability, mental anguish, loss of enjoyment of life, medical expenses, and lost wages.

## COUNT I – NEGLIGENCE

21.     Wendy restates and re-alleges the previous allegations as fully set forth herein.

22.     Defendants had a duty to exercise reasonable care in the manner in which it conducted, controlled, and managed work performed at the Colstrip Power Plant. Defendants' duty included the duty to exercise care for the safety of others, including Wendy.

23.     Defendants otherwise owed a duty of reasonable care owed a duty of reasonable care to keep or ensure that the Colstrip Power Plant was kept in a reasonably safe condition and to warn of any hidden or lurking dangers.

24.     Defendants breached their duty by the way they conducted, controlled, and managed work performed at the Colstrip Power Plant.   Defendants' negligence, in addition to that herein alleged, consisted of, but is not limited to, the following:

a.     Failing to examine the Colstrip Power Plant as a whole, as well as each of the individual units, for hazardous conditions;

b.     Failing to provide site-specific hazard awareness training for its employees and others accessing the Colstrip Power Plant;

c.     Failing to provide and/or require the use of safety devices or procedures which could have prevented Wendy's injuries;

d.     Failing to ensure, through contract or otherwise, that special precautions were taken to prevent physical harm to Wendy at the Colstrip Power Plant;

e.     Failing to warn Wendy and other workers of hazards at the Colstrip Power Plant, including the hazards of possible leaks, spills and accumulated pools or puddles on the plant facility floor in the immediate working vicinity;

f.     Failing to conduct proper procedures when working around equipment that could experience a leak or spill of a liquid, such as oil, upon the plant facility floor, where employees and other individuals, such as Wendy, would be walking while working at the Colstrip Power Plant;

g.     Failing to recognize and physically clean up a leak or spill of liquid, such as oil, upon the plant facility floor; and

h.     Violating applicable state and federal safety laws and regulations.

25.     As a direct and proximate result of Defendants' actions and inactions as set forth above, Wendy has incurred and will continue to incur substantial medical expenses; she has experienced and will continue to experience physical and mental pain and

suffering; a loss of her personal services; a hindrance to her established course of education; and a loss of her established course of life.

## COUNT II– NEGLIGENCE *PER SE*

26.     Wendy restates and re-alleges the previous allegations as fully set forth herein.

27.     Defendants are negligent for failing to provide Wendy with a safe place to work in violation of Mont. Code Ann. § 50-71-201.

28.     Defendants' violation of Mont. Code Ann. § 50-71-201 and other state and federal statutes to be named constitutes negligence *per se.*

29.     As a direct and proximate result of Defendants' negligence *per se* as set forth above, Wendy has incurred and will continue to incur substantial medical expenses; she has experienced and will continue to experience physical and mental pain and suffering; a loss of her personal services; a hindrance to her established course of education; and a loss of her established course of life.

## COUNT III – NEGLIGENCE/PREMISES LIABILITY

30.     Wendy restates and re-alleges all previous allegations as fully set forth herein.

31.     Defendants had a duty of care to inspect, monitor, maintain, and keep its premises in a reasonably safe condition for all persons entering the store and to warn of any hidden or lurking dangers.

32.     Defendants breached their duty of care to inspect, monitor, maintain, and keep its premises in a reasonably safe condition and to warn of any hidden or lurking dangers when they failed to monitor and maintain the floors within the Colstrip Power Plant; allowed an oil spill or leak to accumulate in an unsafe manner that was not open or

obvious to Wendy; failed to clean up the oil spill or leak in a timely fashion; and failed to provide adequate signage to warn contract laborers or other individuals of the unsafe condition.

33.     As a direct and proximate result of Defendants' breach of these duties, Wendy has suffered, and will continue to suffer, severe pain and disability, mental anguish, loss of enjoyment of life, lost wages, and has incurred and will continue to incur medical and non-medical expenses.

34.     Defendants' breach of the duties outlined in Paragraphs 21 through 24 constitutes negligence.

35.     Upon information and belief, Defendant Kelli Brainard's negligence was conducted in the course and scope of her employment with Talen.  Talen is therefore legally responsible for Brainard's negligent actions pursuant to *respondeat superior*.

36.     By virtue of Defendants' collective acts of negligence, they are legally responsible to Wendy for all resulting damages.

## JURY TRIAL DEMAND

Wendy demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant him the following relief:

1.     Reasonable compensation for medical expenses incurred to date and which may reasonably be anticipated in the future;

2.     Reasonable compensation for past and future mental and physical pain and suffering;

3.    Reasonable compensation for past and future lost enjoyment and established course and way of life;

4.    Reasonable compensation for loss of personal services;

5.    Punitive and exemplary damages;

6.    Costs and disbursements incurred herein; and,

7.    Such further relief as the Court deems appropriate.

DATED this 29th day of September, 2023.

                            ODEGAARD MILLER LAW, PC
                            *Attorney for Plaintiffs*

                            By _____
                                  Andrew J. Miller
                                  550 North 31st Street, Suite 200
                                  Billings, MT  59101
                                  amiller@mtlawyers.com

*Complaint & Jury Trial Demand*
Page 8